IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFFANY BETANCOURT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-2620-D |
| | § | |
| MEDICAL CITY DALLAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this *pro se* action, plaintiff Tiffany Betancourt ("Betancourt") sues her former

employer, Medical City Dallas ("Medical City"), alleging claims for race, age, and gender

discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"),

42 U.S.C. § 2000e *et seq*., and disability discrimination and retaliation under the Americans

with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*.  Medical City moves to

dismiss for failure to state a claim on which relief can be granted.  For the reasons that

follow, the court grants Medical City's motion in part and denies it in part and also grants

Betancourt leave to replead.

I

In February 2023 Medical City hired Betancourt to work as a nurse.[1]  Betancourt was

---

[1]In deciding Medical City's Fed. R. Civ. P. 12(b)(6) motion, the court construes
Betancourt's first amended complaint ("amended complaint") in the light most favorable to
Betancourt, accepts as true all well-pleaded factual allegations, and draws all reasonable
inferences in Betancourt's favor.  *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th
Cir. 2004).  "The court's review [of a Rule 12(b)(6) motion] is limited to the [amended]

subjected to unfair work assignments and was routinely assigned more isolation patients and total care patients than her White coworkers.  In addition, Betancourt was frequently unable to take lunch breaks because no one would watch her patients.

Betancourt reported incidents of "race, age, disability discrimination, and unfair treatment" to her supervisor, Sandi Alfred ("Alfred"), during a March 2023 new hire check-in.  Am. Compl. (ECF No. 27) at 5.  She also reported race, age, disability, and gender discrimination to David Shuler ("Shuler"), in Medical City's Human Resources department ("HR"), on October 9, 2023.  When Betancourt informed Shuler that she had experienced bullying and unfair treatment, Shuler asked her how old she was and stated, "[w]e have a lot of young nurses here.  Maybe this is not the place for you." *Id.* at 6.

On November 26, 2023 Betancourt was physically assaulted by a White male employee.  She reported the assault to HR and filed a police report, but HR deemed the assault "unfounded" because Betancourt was larger than her assailant.  Days later, Medical City scheduled Betancourt to work with and relieve the male nurse who had assaulted her.

Betancourt alleges that, after she reported discrimination and assault, she was subjected to retaliation: she was removed from the schedule, was not given full-time hours, and was scheduled on days that she was not supposed to work.  When she complained to her supervisor, Anthony Prive ("Prive"), and to HR, she was told that a new scheduling system

---

complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

run by artificial intelligence was causing the errors.  At some point, Alfred forced Betancourt to sign a disciplinary action form regarding attendance.  Medical City then terminated Betancourt's employment on December 27, 2023.  It stated that Betancourt was terminated for four "no call, no show" absences.  *Id.* at 7.

Betancourt alleges that she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in October 2023 and that the EEOC "filed charges" on December 18, 2023 and again on January 11, 2024.  *Id.* at 5.  Betancourt then sued Medical City.  In her first amended complaint ("amended complaint"), Betancourt alleges claims under Title VII and the ADA for discrimination "based on race, age, disability, and gender," retaliation for reporting discriminatory practices, and "[f]ailure to address the physical assault and provide a safe work environment."  *Id.* at 5.  Medical City moves to dismiss under Fed. R. Civ. P. 12(b)(6).  Betancourt opposes the motion, which the court is deciding on the briefs, without oral argument.

II

A

*Pro se* complaints are to be liberally construed.  *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990). And they are to be held to "less stringent standards than formal pleadings drafted by lawyers[.]"  *Haines*, 404 U.S. at 520.  Nevertheless, "[a]lthough pro se pleadings are to be liberally construed, they must state a 'plausible claim for relief to survive [] a motion to dismiss.'"  *Little v. Tex. Att'y Gen.*, 2015 WL 5613321, at *2 (N.D. Tex. Sept. 24, 2015)

(Fitzwater, J.) (alteration in original) (quoting *Scott v. Cohen*, 528 Fed. Appx. 150, 152 (3d Cir. 2013) (per curiam)), *aff'd sub nom. Little v. Obryan*, 655 Fed. Appx. 1027 (5th Cir. 2016).

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [the amended] complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (brackets omitted) (quoting Rule 8(a)(2)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

- 4 -

B

Failure to exhaust administrative remedies is an affirmative defense.[2]  *See, e.g.*, *Clemmer v. Irving Indep. Sch. Dist.*, 2015 WL 1757358, at *3 (N.D. Tex. Apr. 17, 2015) (Fitzwater, J.) (Title VII exhaustion is an affirmative defense), *aff'd sub nom. Chen v. Irving Indep. Sch. Dist.*, 689 Fed. Appx. 379 (5th Cir. 2017).  To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the "successful affirmative defense [must] appear[ ] clearly on the face of the pleadings."  *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).  In other words, the movant is not entitled to dismissal under Rule 12(b)(6) based on the affirmative defense unless the nonmovant has "pleaded [herself] out of court by admitting to all of the elements of the defense."  *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (quoting *Sivertson*, 2011 WL 4100958, at *3).

III

The court turns first to Medical City's motion to dismiss Betancourt's claims for age and gender discrimination on the ground that she failed to exhaust her administrative remedies with respect to these claims.

---

[2]The Supreme Court held in *Fort Bend County, Texas v. Davis*, 587 U.S. 541 (2019), that the exhaustion requirement of Title VII is a mandatory procedural rule, "not a jurisdictional prescription delineating the adjudicatory authority of courts," resolving a conflict among the courts of appeals over whether Title VII's charge-filing requirement is jurisdictional.  *Id*. at 551.

A

A claimant under Title VII or the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*[3] must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory event. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A). If she does not, her claim is barred from federal court, regardless of merit. *See Noack v. YMCA of the Greater Hous. Area*, 418 Fed. Appx. 347, 351 (5th Cir. 2011) (per curiam); *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009). A plaintiff "may not base a Title VII [or ADEA] claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC, or that could not 'reasonably be expected to grow out of the charge of discrimination.'" *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006)).

B

Betancourt has pleaded herself out of court by admitting to all of the elements of Medical City's exhaustion affirmative defense. She did not list age or gender as a basis for discrimination in either her December 18, 2023 or her January 11, 2024 charge of

---

[3]Betancourt brings claims under Title VII and the ADA. *See* Am. Compl. (ECF No. 27) at 3. But neither of these statutes prohibits discrimination on the basis of age. *See* 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination "because of . . . race, color, religion, sex, or national origin"); 42 U.S.C. § 12112(a) (prohibiting discrimination "on the basis of disability"). Instead, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, "is the sole remedy for persons who have been discriminated against based on their age." *Lafleur v. Tex. Dep't of Health*, 126 F.3d 758, 760 (5th Cir. 1997). Because it does not affect the outcome in this case, the court will assume *arguendo* that Betancourt brought her age discrimination claim under the ADEA.

discrimination,[4] both of which are properly considered in deciding Medical City's motion to dismiss.[5]   Moreover, she did not explicitly discuss her age or gender anywhere in the "particulars" of her claims.   This is a significant omission.   As this court has recognized, "[a]lthough failing to check a box on an EEOC charge is not of itself conclusive evidence of what claims the charging party intended to bring," the fact that a plaintiff's Charge of Discrimination "also lacks factual allegations relating to [the claim]" can make it clear that she has failed to exhaust administrative remedies.   *Warner v. Lear Corp.*, 2017 WL 930829, at *7 (N.D. Tex. Mar. 9, 2017) (Fitzwater, J.).

---

[4]On December 11, 2024 the magistrate judge entered an order and magistrate judge's questionnaire that required, *inter alia*, that Betancourt attach a copy of "*all* complaints that [she] submitted to the EEOC or the state agency alleging discriminatory action(s)."   Order (ECF No. 6) at 4 (emphasis added).   Betancourt's response included copies of the EEOC charges of discrimination that she filed on December 18, 2023 and January 11, 2024. Although she alleges in her amended complaint that she filed a complaint with the EEOC in October 2023, Betancourt does not attach a copy of that complaint.   Nor does she contend in her response that she filed an additional charge of discrimination with the EEOC or that she properly exhausted her administrative remedies with respect to her age or gender discrimination claims.

[5]"If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."   Rule 12(d).   "But uncontested documents referred to in the pleadings may be considered by the Court without converting the motion to one for summary judgment, even when the documents are not physically attached to the complaint."   *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 550 F.Supp.3d 364, 370 (E.D. La. 2021) (citing *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002)). Furthermore, "[e]ven [if an] EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion, especially [if] its authenticity is uncontested."   *King v. Life Sch.*, 809 F.Supp.2d 572, 579 n.1 (N.D. Tex. 2011) (Ramirez, J.) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The court therefore concludes that Betancourt failed to exhaust her administrative remedies with respect to her age and gender discrimination claims, and these claims are dismissed.

IV

The court next turns to Betancourt's claim for race discrimination under Title VII.

A

Title VII prohibits discrimination on the basis of "race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). When a plaintiff alleges a Title VII claim of race discrimination based on circumstantial evidence, as Betancourt does, the court can use the *McDonnell Douglas*[6] framework as a reference when determining whether the plaintiff has plausibly alleged the ultimate elements of her claim.[7] Under this framework, a plaintiff must

---

[6]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[7]The familiar *McDonnell Douglas* standard for evaluating employment discrimination claims is an evidentiary framework, not a pleading standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Accordingly, "a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz*, 534 U.S. at 510-12); *see also, e.g.*, *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) ("Although Chhim did not have to submit evidence to establish a prima facie case of discrimination at this stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible."). To survive Medical City's motion to dismiss, however, Betancourt must plausibly plead the ultimate elements of her discrimination claim. *See Chhim*, 836 F.3d at 470. And since *McDonnell Douglas* will govern when a plaintiff relies on indirect evidence of discrimination, it can be helpful to reference that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of her claim. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (Title VII case) ("If a plaintiff's . . . claim depends on circumstantial evidence, he will 'ultimately have to show' that he can satisfy the *McDonnell*

- 8 -

sufficiently plead that (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) others similarly situated but outside her protected class were treated more favorably. *See, e.g.*, *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997-98 (5th Cir. 2022). Under the fourth element, the plaintiff must demonstrate that she was treated less favorably than other similarly situated employees under "nearly identical circumstances." *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *see Willis v. W. Power Sports, Inc.*, 2024 WL 448354, at *2 (5th Cir. Feb. 6, 2024) (per curiam) (affirming Rule 12(b)(6) dismissal where plaintiff failed to identify comparator who "under nearly identical circumstances" was treated more favorably than he was). Nearly identical circumstances exist "when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee*, 574 F.3d at 260 (footnotes omitted). Additionally, "the plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." *Id*. (citations omitted).

B

Medical City moves to dismiss Betancourt's Title VII claim for race discrimination on the ground that the conclusory allegations in the amended complaint fail to state a claim

---

*Douglas* framework. In such cases, we have said that it can be 'helpful to reference' that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of the . . . claim." (citations omitted) (quoting *Chhim*, 836 F.3d at 470-71)).

under the federal pleading standards.

Betancourt responds that she has sufficiently pleaded her claim because she

> alleged that she was routinely assigned more isolation patients
> and total-care patients than similarly situated white coworkers.
> Plaintiff also alleged that she was frequently denied lunch
> breaks because coworkers would not relieve her patients, while
> white nurses were provided assistance and allowed lunch breaks.

P. Br. (ECF No. 29) at 2.

C

Assuming *arguendo* that the assignment of more isolation and total care patients and the denial of lunch breaks constitute adverse employment actions for purposes of Betancourt's Title VII claim,[8] the court raises *sua sponte*[9] that Betancourt has not plausibly alleged that any similarly situated employee outside of her protected class was treated more favorably. In the amended complaint, Betancourt alleges that she

---

[8]Under the Fifth Circuit's en banc decision in *Hamilton v. Dallas County*, 79 F.4th 494 (5th Cir. 2023) (en banc), "a plaintiff pleads an adverse employment action when he plausibly alleges 'adversity and asserts a non-*de minimis* injury.'" *Allen v. Amazon*, 2026 WL 776838, at *4 (N.D. Tex. Mar. 19, 2026) (Fitzwater, J.) (quoting *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427, 430 (5th Cir. 2023) (per curiam)).

[9]A district court has the authority to consider the sufficiency of a petition and dismiss an action *sua sponte*, as long as the procedure it employs is fair. *See, e.g.*, *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 733-34 n.7 (N.D. Tex. 2011) (Fitzwater, C.J.) (noting that district court has authority to consider sufficiency of complaint and dismiss action on its own motion as long as procedure employed is fair, raising ground for dismissal *sua sponte*, and concluding that procedure was fair because court was granting leave to replead). Here, because the court is granting Betancourt leave to replead, it can raise this ground for dismissal *sua sponte*.

> was subjected to unfair work assignments and was routinely assigned more isolation patients and total-care patients than white coworkers [and that she] was frequently unable to take lunch breaks because no one would relieve her patients, while white nurses were given lunch breaks and coworkers would watch their patients.

Am. Compl. (ECF No. 27) at 6. These conclusory allegations are insufficient to plausibly plead that Betancourt was treated less favorably than other similarly situated employees under "nearly identical circumstances." *Lee*, 574 F.3d at 259. Betancourt has not identified any particular employee who received more favorable treatment, and she does not assert that any comparator had similar experience, qualifications, or held the same job or responsibilities. "Her allegations lack factual detail and are insufficient to enable the court to draw the reasonable inference that her White coworkers were treated more favorably under nearly identical circumstances." *Butler v. Our Cmty. Our Kids*, 2025 WL 3650759, at *3 (N.D. Tex. Dec. 17, 2025) (Fitzwater, J.) (citing cases); *see also Willis*, 2024 WL 448354, at *2 (affirming Rule 12(b)(6) dismissal where plaintiff failed to identify comparator who "under nearly identical circumstances" was treated more favorably than he was). Moreover, Betancourt's allegation that she was unable to take lunch breaks because her *coworkers* would not watch her patients does not plausibly allege that *Medical City*, i.e., her employer, treated her less favorably than other similarly situated employees outside of Betancourt's protected class.

Accordingly, the court grants Medical City's motion to dismiss Betancourt's Title VII race discrimination claim.

V

Medical City moves to dismiss Betancourt's disability discrimination claim on the ground that she has not plausibly alleged that she has a "disability," as that term is defined in the ADA.  Betancourt does not specifically respond to this argument.

As with her Title VII claim, because Betancourt does not base her amended complaint on direct evidence of disability discrimination, the court analyzes her claim under the *McDonnell Douglas* burden-shifting framework. *Caldwell v. KHOU-TV*, 850 F.3d 237, 241 (5th Cir. 2017).  To plausibly plead a prima facie case of discrimination, Betancourt "must establish: (1) [she] has a disability, or was regarded as disabled; (2) [she] was qualified for the job; and (3) [she] was subject to an adverse employment decision on account of [her] disability." *Id.*  The ADA defines a disability as: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment.  42 U.S.C. § 12102(1).  Major life activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id*. § 12102(2)(A).

Betancourt does not allege that she had a disability, as that term is defined in the ADA, during her employment with Medical City.  And to the extent that she alleges that "[*a*]*s a result of Defendant's actions*, Plaintiff suffered anxiety, depression, fear, inability to sleep, loss of appetite, PTSD exacerbation, and emotional distress," Am. Compl. (ECF No.

- 12 -

27) at 7, these impairments cannot as a matter of law have been the *cause* of any adverse employment decision. Accordingly, the court grants Medical City's motion to dismiss Betancourt's ADA disability discrimination claim.

VI

The court now turns to Betancourt's Title VII retaliation claim.[10] The elements of a retaliation claim under Title VII are that "(1) [the complainant] engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action." *Richards v. JRK Prop. Holdings*, 405 Fed. Appx. 829, 831 (5th Cir. 2010) (per curiam) (citation omitted). Although Betancourt is not required to plead a prima facie case of retaliation, she must "plead sufficient facts on all of the ultimate elements" of a retaliation claim to make her case plausible. *Jenkins v. La. Workforce Comm'n*, 713 Fed. Appx. 242, 244 (5th Cir. 2017) (per curiam) (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)); *see also Teague v. Williamson Cnty.*, 2020 WL 2542869, at *11 (W.D. Tex. May 19, 2020).

Medical City moves to dismiss Betancourt's Title VII retaliation claim on the ground that

> [w]hile Plaintiff alleges that she complained of discrimination on the basis of protected characteristics, Plaintiff fails to state how those complaints relate to any unlawful practice under Title VII, thereby failing to "state a claim to relief that is plausible on

---

[10]It is unclear whether Betancourt intended to plead a claim for retaliation under Title VII or under the ADA. Because Medical City refers only to Title VII in its motion, the court will do the same.

- 13 -

its face" as to the causation element of her retaliation claim.

D. Br. (ECF No. 28) at 4.   In the context of the *McDonnell Douglas* burden-shifting framework, Medical City essentially argues that Betancourt has not adequately alleged the causation prong of the prima facie case.[11]  But as discussed above, Betancourt filed a charge of discrimination on December 18, 2023 (nine days before her termination) in which she alleged that she was discriminated against because of her race.  *See Lewis v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 134 F.4th 286, 295 (5th Cir. 2025) ("The filing of an EEOC charge constitutes protected activity.").  And Betancourt alleges, *inter alia*, that she "was terminated in retaliation for filing EEOC complaints."  Am. Compl. (ECF No. 27) at 7.  These allegations are sufficient at the pleading stage to plausibly allege that Betancourt engaged in activity protected by Title VII (i.e., filing a complaint with the EEOC that alleged race discrimination), and to allege a causal link between this protected activity and her termination, which occurred nine days later.  *See, e.g.*, *Avalon Residential Care Homes, Inc. v. City of Dallas*, 2011 WL 4359940, at \*9 (N.D. Tex. Sept. 19, 2011) (Fitzwater, C.J.) ("[A]ssuming *arguendo* that Avalon must plead a prima facie case of retaliation, '[i]t is relatively easy . . . for a plaintiff to establish a *prima facie* case."

---

[11]As noted above, "[t]he prima facie case under *McDonnell Douglas* . . .  is an evidentiary standard, not a pleading requirement," and therefore "should not be transposed into a rigid pleading standard." *Swierkiewicz*, 534 U.S. at 510, 512.  Under *Swierkiewicz* the pleading of a prima facie case is sufficient, but not necessary, to survive a motion to dismiss. *Id*. at 511; *see also Avalon Residential Care Homes, Inc. v. City of Dallas*, 2011 WL 4359940, at \*9 (N.D. Tex. Sept. 19, 2011) (Fitzwater, C.J.) ("[P]laintiffs do not need to allege specific evidence that satisfies the elements of a *prima facie* case of retaliation at [the motion to dismiss] stage of the proceedings." (alterations in original) (citation omitted)).

(alterations in original) (quoting *Arbor Bend Villas Hous., L.P. v. Tarrant Cnty. Hous. Fin. Corp.*, 2005 WL 548104, at *7 (N.D. Tex. Mar. 9, 2005) (Means, J.))); *Khanna v. Park Place Motorcars of Hous., Ltd.*, 2000 WL 1801850, at *4 (N.D. Tex. Dec. 6, 2000) (Fitzwater, J.) (characterizing prima facie burden in retaliation case as "minimal").

Medical City does not move to dismiss Betancourt's Title VII retaliation claim on any other ground. Accordingly, the court denies Medical City's motion to dismiss this claim.

VII

Medical City moves to dismiss Betancourt's claim for "[f]ailure to address the physical assault and provide a safe work environment," Am. Compl. (ECF No. 27) at 5, on the ground that this claim is "intertwined with, and preempted by, statutory employment laws." D. Br. (ECF No. 28) at 5.

"A state law claim is preempted by a federal [or state] statute when the 'gravamen of a plaintiff's complaint is of the type of wrong that the statutory remedy was meant to cover.'" *McNeill v. Tyson Fresh Meats, Inc.*, 2023 WL 8532408, at *12 (N.D. Tex. Dec. 8, 2023) (Kacsmaryk, J.) (quoting *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 808-09 (Tex. 2010)); *see also McReynolds v. Bell Textron, Inc.*, 2023 WL 2432916, at *4 (N.D. Tex. Feb. 2, 2023) (Ray. J.) (concluding that tort claim was preempted because it arose out of the same facts as plaintiff's discrimination claims), *rec. adopted*, 2023 WL 2432028 (N.D. Tex. Mar. 9, 2023) (O'Connor, J.). *aff'd*, 2024 WL 1070979 (5th Cir. Mar. 12, 2024). Medical City contends that Betancourt's allegations that it failed to address an alleged assault by another nurse and failed to provide a safe working environment "are intertwined with, and preempted

- 15 -

by, statutory employment laws, given that Plaintiff attributes these alleged 'failures' to the fact that [the] purported 'assailant' was a 'white male.'" D. Br. (ECF No. 28) at 5.

The court concludes that Betancourt's claim for "[f]ailure to address the physical assault and provide a safe work environment," Am. Compl. (ECF No. 27) at 5, is preempted. This claim arises out of Medical City's failure to take appropriate action to address Betancourt's allegation of assault, allegedly because the assailant was a White male.  *Id*. (alleging that Betancourt reported the alleged assault to Shuler, "but no action was taken, as the assailant was a white male.").  Betancourt's Title VII claim is based, at least in part, on Medcial City's allegedly preferential treatment of White employees.  Because Betancourt is unable to identify a "separate set of facts" distinct from those supporting her Title VII claim on which she bases her state-law tort claim, this claim is preempted.  *See Light v. Pepperidge Farm, Inc*., 2024 WL 1703714, at *2 (N.D. Tex. Apr. 19, 2024) (Pittman, J.); *Grant v. Amazon.com Servs. LLC*, 2025 WL 1886766, at *7 (N.D. Tex. June 18, 2025) (McKay, J.) (explaining that plaintiff's discrimination claim preempted his tort claim unless there were additional facts unrelated to his discrimination claim that would support his tort claim), *rec. adopted*, 2025 WL 1885653 (N.D. Tex. July 7, 2025) (Starr, J.); *Waffle House, Inc*., 313 S.W.3d at 799 (concluding that Texas Commission on Human Rights Act preempted negligence claim because "the alleged negligence is rooted in facts inseparable from those underlying the alleged harassment").

Accordingly, the court grants Medical City's motion to dismiss Betancourt's claim for "[f]ailure to address the physical assault and provide a safe work environment."

VIII

Although the court is dismissing some of Betancourt's claims, it will grant her leave to replead. *See, e.g.*, *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal).  There is no indication that Betancourt cannot, or is unwilling to, cure the defects that the court has identified.  Moreover, as a *pro se* plaintiff, Betancourt should be given a fair opportunity to plead her best case.  *See, e.g.*, *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted Merrill Lynch's motion to dismiss, it gave Robinette one more opportunity to plead his best case, because he was proceeding *pro se*.").  Accordingly, the court will grant Betancourt 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.

\* \* \*

For the reasons explained, the court grants in part and denies in part Medical City's motion to dismiss, and also grants Betancourt leave to replead.

**SO ORDERED**.

June 18, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 17 -