IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFFANY BETANCOURT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-2620-D |
| | § | |
| MEDICAL CITY DALLAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

For the reasons explained, the court denies as moot the July 30, 2026 motion for involuntary dismissal filed by defendant Columbia North Texas Subsidiary GP, LLC d/b/a Medical City Dallas ("Medical City").[1]

I

In *Betancourt v. Medical City Dallas* (*Betancourt I*), 2026 WL 1757802 (N.D. Tex. June 18, 2026) (Fitzwater, J.), the court granted Medical City's motion to dismiss *pro se* plaintiff Tiffany Betancourt's ("Betancourt's") claims for age, race, gender, and disability discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*., and her claim for "[f]ailure to address the physical assault and provide a safe work environment." *Betancourt*

[1]Medical City maintains that the named defendant, "Medical City Dallas," is a doing-business-as alias of Columbia North Texas Subsidiary GP, LLC, the proper defendant in this case.

*I*, 2026 WL 1757802, at *4, 6, 8. It denied Medical City's motion as to Betancourt's Title VII retaliation claim. *Id.* at *7. The court, *sua sponte*, also granted Betancourt leave to replead the dismissed claims as follows:

> Although the court is dismissing some of Betancourt's claims, it will grant her leave to replead. *See, e.g.*, *In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). There is no indication that Betancourt cannot, or is unwilling to, cure the defects that the court has identified. Moreover, as a *pro se* plaintiff, Betancourt should be given a fair opportunity to plead her best case. *See, e.g.*, *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted Merrill Lynch's motion to dismiss, it gave Robinette one more opportunity to plead his best case, because he was proceeding pro se."). Accordingly, the court will grant Betancourt 28 days from the date this memorandum opinion and order is filed to file a second amended complaint.

*Betancourt I*, 2026 WL 1757802, at *8. Betancourt did not file a second amended complaint.[2]

Medical City now moves under Fed. R. Civ. P. 41(b) for involuntary dismissal of Betancourt's claims for age, gender, race, and disability discrimination, and "[f]ailure to address the physical assault and provide a safe work environment." It maintains that Betancourt failed to adequately prosecute these claims by repleading, and that she "has also

---

[2]Had Betancourt opted to file a second amended complaint, it was due on July 16, 2026.

disregarded the Court's directive as to when to replead." D. Br. (ECF No. 33) at 2. Betancourt opposes the motion on the ground that the court did not *order* her to file a second amended complaint—it merely granted leave to replead the dismissed claims—and she has elected to proceed only on the retaliation claim, which the court held was sufficiently pleaded.[3]

II

The court will assume *arguendo* that it merely granted Betancourt leave to amend rather than ordered her to replead. The court has already dismissed Betancourt's claims for age, gender, race, and disability discrimination, and "[f]ailure to address the physical assault and provide a safe work environment," as pleaded in her first amended complaint. Since the court in *Betancourt I* has dismissed these claims and Betancourt has not repleaded them, the court now dismisses them with prejudice for failure to state a claim on which relief can be granted. Given this disposition, the court denies Medical City's motion for involuntary

[3]Medical City's reply, had it opted to file one, was due on September 1, 2026. *See* N.D. Tex. Civ. R. 7.1(f) ("Unless otherwise directed by the presiding judge, a party who has filed an opposed motion may file a reply brief within 14 days from the date the response is filed."). Because the time to file a reply has expired, Medical City's motion is ripe for decision.

dismissal as moot.[4]

**SO ORDERED**.

September 4, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE

[4]Betancourt may proceed at this time on her remaining Title VII retaliation claim.